DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from a judgment of the Lucas County Court of Common Pleas, we are asked to decide whether the admission of hearsay violated appellant's constitutional rights to due process and to confront witnesses as found in the Fifth
and Sixth Amendment to the United States Constitution and made applicable to the states through the Fourteenth Amendment to the United States Constitution. Appellant, Alfonzo L. Carpenter, further asserts that the admission of this hearsay violated his right to confront witnesses under Section 10, Article I, Ohio Constitution.
 {¶ 2} On the afternoon of May 6, 2004, Nora Mugler, who is a detective assigned to the Vice and Narcotics Unit of the Toledo Police Department, received an anonymous telephone call from an individual who told her that there was going to be a delivery of drugs at the Raceway Park Motel located on Telegraph Road in Toledo, Lucas County, Ohio. Mugler advised her sergeant of the anonymous telephone call, and a surveillance of the motel was planned.
 {¶ 3} The following testimony was offered by Sergeant Carol Connelly, the afternoon Supervisor of the Vice and Narcotics Unit. At approximately 6:30 p.m. on the day in question, Connelly parked her vehicle directly across from Raceway Park Motel. The motel is on the east side of the road, faces west, and is L-shaped. Connelly was 50 to 75 feet away, but it was still daylight, and the day was clear. The sergeant saw a motor vehicle enter the drive of the motel and park in front of one of the rooms. A man, who Connelly later identified as appellant, exited his vehicle and went to the door of one of the rooms. After receiving no response, appellant knocked on a second door. Appellant stood there and looked around and then returned to his automobile. He again got out of his car and walked toward the street. At that point, Connelly was afraid that he saw her. However, after stopping in a grassy area, appellant turned and walked south along the motel's property line. He then came back and dropped something on the grassy area. Subsequently, appellant went to his vehicle, got in, and drove to a spot directly across from Connelly's car. Appellant exited his automobile and started walking toward Connelly's vehicle. Connelly called for backup, and appellant was arrested.
 {¶ 4} Detective Pete Swartz testified that he assisted Connelly in searching appellant's vehicle, and, upon Connelly's request, searched the grassy area where appellant dropped an object. Swartz found a baggie containing a white substance, which was later determined to be 10.9 grams of crack cocaine. As a result, appellant was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the second degree.
 {¶ 5} Prior to appellant's jury trial, his counsel filed a "Request For A Limiting Instruction." Appellant alleged that the information received by the police concerning the delivery of drugs to Raceway Park Motel "is so specific that its probative value is outweighed by the chance of unfair prejudice to Defendant." Appellant therefore asked the court to exclude this evidence from trial. In the alternative, appellant asked the court to give the following limiting instruction:
 {¶ 6} "You have heard testimony that the police had received information that drugs were going to be delivered to Raceway Park Motel. That testimony was admitted solely for the purpose of explaining why the police were present at that location, and not for the purpose of proving that Defendant is guilty. Accordingly, you may not consider that testimony as evidence of Defendant's guilt."
 {¶ 7} During his opening argument, the prosecutor representing appellee, the state of Ohio, mentioned that an officer of the Vice and Narcotics Unit had received information about drug activity at the Raceway Park Motel and that this information ultimately led to appellant's arrest and prosecution for possession of cocaine. Following this opening argument, appellant, out of the presence of the jury, moved for a mistrial, asserting, once again, that the probative value of the hearsay was outweighed by the prejudice to appellant's case. Appellee responded by contending that the information provided by the anonymous caller was not hearsay because it was not offered for the truth of the matter asserted, specifically, not to prove appellant's guilt. The trial court "overruled" appellant's "objection," that is, his motion for a mistrial, but agreed to give the jury the limiting instruction proposed by appellant.
 {¶ 8} At the close of trial, but prior to giving its instructions to the jury, the court asked the parties whether they had any objections to the instructions. Both appellant and appellee stated that they had no objections. The court below proceeded to provide the jury with instructions that included the limiting instruction approved by appellant.
 {¶ 9} The jury returned a verdict of guilty on the single count of the indictment. Before appellant was sentenced, his trial counsel filed, pursuant to Crim.R. 33(A)(5), a motion for a new trial. The basis for this motion did not include any alleged error, constitutional or otherwise, in admitting testimony concerning the anonymous caller or relative to the judge's instructions to the jury. On June 14, 2005, the trial court denied appellant's motion for a new trial and sentenced appellant to, inter alia, serve a mandatory two years in prison. Appellant appeals this judgment and argues that the following errors occurred in the proceedings below:
 {¶ 10} "1. The trial court erred to the prejudice of Mr. Carpenter by overruling his motion for a mistrial and permitting the admission of testimony by an unknown person in violation of his right to due process and to confront witnesses as guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and under the applicable portions of the Ohio Constitution."
 {¶ 11} "2. The trial court erred to the prejudice of Mr. Carpenter by permitting the admission, at trial, of testimony by an unknown person in violation of his right to due process and to confront witnesses as guaranteed under the Fifth, Sixth, andFourteenth Amendments to the United States Constitution and under the applicable portions of the Ohio Constitution."
 {¶ 12} Appellant's first and second assignments of error are argued together. In both assignments appellant alleges that the admission of the "hearsay" statements made by the unknown telephone caller violated his constitutional rights to due process and the Confrontation Clauses to the United States and Ohio Constitutions. Appellant relies on Crawford v. Washington
(2004), 541 U.S. 36 and United States v. Cromer (C.A. 6, 2004),389 F.3d 662, to argue that when, as here, an unknown person gives information to a police officer who divulges those statements at trial, the statements are testimonial hearsay, and, therefore, a defendant's constitutional rights to confront his accusers is violated.
 {¶ 13} Initially, we note that appellant never raised any constitutional issues in the trial court. Therefore, absent plain error, appellant waived his constitutional arguments. State v.Houston, 10th Dist. No. 04AP-875, 2005-Ohio-4240, at ¶ 20, rev'd, in part, on other grounds, In re Criminal SentencingStatutes, citing State v. Barnes (2002), 94 Ohio St.3d 21, 27
and State v. Allen (1995), 73 Ohio St.3d 626, 634.
 {¶ 14} Crim.R. 52(B) provides that a plain error that affects a substantial right may, even in the absence of an objection, be considered by an appellate court. State v. Barnes at 27. However, Crim.R. 52(B), by its own terms, "places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial." Id. Initially, the court must find that there was an error. Id. (Citations omitted.) Second, the error must be such that it is "an `obvious' defect in the trial proceedings." Id. (Citations omitted.) Third, the error must have affected the outcome of the trial. Id. (Citations omitted.) Moreover, even in that instance where the error satisfies all three prongs of the foregoing standard a court still has the discretion to notice plain error and may do so only "`with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" Id., quoting State v. Long, 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 15} Here, we must conclude that the strictures of Crim.R. 52(B) are not met. Hearsay is an out-of-court statement that is offered to prove the truth of the matter asserted. Evid.R. 801(C); State v. Maurer (1984), 15 Ohio St.3d 239, 262. Generally, unless hearsay meets one of the exceptions to the hearsay rule, it is not admissible into evidence. Evid.R. 802. Nevertheless, when a statement is offered into evidence to explain the conduct of a police officer's investigation of a crime, it is not considered to be hearsay. State v. Thomas
(1980), 61 Ohio St.2d 223, 232; State v. Jones, 6th Dist. Nos. L-03-1231, L-03-1232, L-03-1233, 2003-Ohio-219, at ¶ 49. Nonetheless, because of the potential for abuse and possible confusion to a jury, there are limits to this general rule.Jones, supra, citing State v. Blevins (1987),36 Ohio App.3d 147, 149. These limits preclude statements obtained by a law enforcement officer from an informant in those instances where the statement connects the defendant with the charged crime. Id.
 {¶ 16} As applied to the present case, Mugler testified that the anonymous caller merely told her that a drug delivery would be made to the Raceway Park Motel on the day in question. There was nothing in that statement that connected appellant to the alleged drug offense, and it was therefore not used to establish appellant's guilt. Rather, the statement was simply offered, pursuant to the agreed upon jury instruction, to explicate the investigatory actions taken by the police and must be considered nonhearsay. See State v. Houston, 2005-Ohio-4240, at ¶ 24. Thus, appellant's confrontation rights are not implicated in this cause. Id. Consequently, the trial court did not commit any error and the requisites of Crim.R. 52(B) are not satisfied. Accordingly, the trial court did not abuse its discretion in denying the motion for a mistrial, Apaydin v. Cleveland ClinicFound. (1995), 105 Ohio App.3d 149, 152, or in admitting Mugler's testimony relating the gist of the anonymous telephone caller's statement into evidence, see State v. Conway,109 Ohio St.3d 412, 2006-Ohio-2815, at ¶ 62.
 {¶ 17} Appellant's first and second assignments of error are found not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Singer, P.J. Skow, J. concur.