The STATE of Ohio, Appellee,

v.

HACKETT, Appellant.

[Cite as *State v. Hackett,* 171 Ohio App.3d 235, 2007-Ohio-1868.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–06–1117.

Decided April 20, 2007.

Julie Bates, Lucas County Prosecuting Attorney, and Jeremy Santoro, Assistant Prosecuting Attorney, for appellee.

Neil McElroy, for appellant.

---

SINGER, Judge.

{¶ 1} Philip Hackett appeals his conviction for cocaine possession entered on a no-contest plea in the Lucas County Court of Common Pleas. Because we conclude that the trial court improperly denied appellant's motion to suppress evidence, we reverse.

{¶ 2} On May 18, 2005, appellant, Philip Hackett, was arrested for possession of approximately one ounce of crack cocaine. On June 27, 2005, a Lucas County Grand Jury indicted appellant on two counts, alleging possession of cocaine and cocaine trafficking. Appellant pleaded not guilty and moved to suppress the cocaine found on him as being the fruit of an unlawful search.

{¶ 3} At the hearing on the motion to suppress, a detective in the Toledo Police Department's vice-narcotics unit testified that he had received information from a confidential informant that appellant was dealing crack cocaine. The officer had worked with this particular informant once before, and the informant's information had led to a drug conviction in another case. The informant told the detective that appellant would be leaving a particular residence at Pearl Street and Maple Street at approximately 4:30 p.m. on May 18, 2005, in a blue 1977 Cadillac with a license plate reading "Hacke77." The informant also stated that appellant would be in possession of about an ounce of cocaine. The detective testified that he had previously stopped four people at that location, all in possession of drugs.

{¶ 4} According to the detective, a surveillance team was set up around the residence at Pearl Street and Maple Street on May 18, 2005, involving at least eight or ten other officers. The team was told appellant's identity, given a picture of him, told what vehicle he would be driving, and told where he would appear, walk, and leave. Before appellant arrived at the residence, the informant had agreed to notify the detective when appellant was leaving the location and whether or not he had the drugs with him. Appellant arrived at the location in a blue Cadillac with the license plates reading "Hacke77."

{¶ 5} When appellant left the residence, the informant contacted the detective and said, "[H]e's got an ounce in his—got it on him, it's in his pants, he's got it on him right now." After appellant left the residence, the detective directed a marked crew to stop him. After the vehicle was stopped, appellant was asked to step out. One of the uniformed officers searched appellant and the vehicle in which he was a passenger. This first search yielded nothing. Appellant was searched a second time. That search also yielded nothing. The detective contacted the informant, who stated the appellant had the drugs in his pants pocket. A final search revealed a clear plastic bag that contained eight individually wrapped bags of one eighth of an ounce of crack cocaine underneath appellant's belt buckle. According to the detective, 15 minutes had elapsed from the time the blue Cadillac was stopped to the time the crack cocaine was found.

{¶ 6} When the court denied appellant's motion to suppress, appellant pleaded no contest to possession of cocaine. The trial court sentenced appellant to three years' incarceration.

{¶ 7} Appellant now appeals the denial of his motion to suppress, setting forth the following assignment of error:

{¶ 8} "I. The trial court erred in failing to grant the appellant's motion to suppress."

{¶ 9} An appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of the trier of fact and is, therefore, in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills* (1992) 62 Ohio St.3d 357, 366, 582 N.E.2d 972; *State v. Hopfer* (1996), 112 Ohio App.3d 521, 548, 679 N.E.2d 321. As a result, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. An appellate court must then independently determine without deference to the trial court's legal conclusions whether, as a matter of law, evidence should be suppressed. *State v. Russell* (1998), 127 Ohio App.3d 414, 416, 713 N.E.2d 56; *State v. Klein* (1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141.

{¶ 10} Appellant asserts that the trial court erred in denying his motion to suppress because the officers did not have a reasonable and articulable suspicion that criminal activity was afoot in this case. Furthermore, appellant maintains that his Fourth Amendment right against unreasonable search and seizure was violated when officers seized, arrested, and searched him without a warrant.

{¶ 11} Stopping a vehicle and detaining its occupants is a seizure under the Fourth and Fourteenth Amendments. *Delaware v. Prouse* (1979), 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660. A vehicle can be stopped and the occupants detained when there is a reasonable and articulable suspicion that the vehicle or its occupants are in violation of the law. Id. at 663, 99 S.Ct. 1391, 59 L.Ed.2d 660. To determine reasonableness, the evidence justifying an investigative stop must be viewed in light of the totality of the surrounding circumstances. *United States v. Cortez* (1981), 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621; *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044. Considered relevant to the court's determination are "both the content of information possessed by police and its degree of reliability." *Alabama v. White* (1990), 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301. Reasonable suspicion is present when an officer is able to identify specific facts that, when taken together with rational inferences from those facts, would warrant a person of reasonable caution in the belief that the appropriate action is being taken. *Terry v. Ohio* (1968), 392 U.S. 1, 21–22, 88 S.Ct. 1868, 20 L.Ed.2d 889.

{¶ 12} The Fourth Amendment permits law enforcement officers to briefly detain a suspect without the detention rising to the level of a formal arrest when the officers perform a *Terry* stop. Id. at 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. An officer may detain an individual briefly in order to investigate the circumstances that provoke suspicion. Id. at 11, 88 S.Ct. 1868, 20 L.Ed.2d 889. The detention must be "reasonably related in scope" to the suspicion and "cannot be excessively intrusive." Id., at 20, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Berkemer v. McCarty* (1984), 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317.

{¶ 13} A limited search for weapons is permissible during an investigative stop to allow officers to safely pursue their investigation. *Minnesota v. Dickerson* (1993) 508 U.S. 366, 373, 113 S.Ct. 2130, 124 L.Ed.2d 334. "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigations without fear of violence." Id., quoting *Adams v. Williams* (1972), 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612. When a protective search exceeds the determination of whether the suspect is armed, it is not valid under *Terry,* and its fruits will be suppressed. Id.

{¶ 14} Sufficient reasonable suspicion existed on the part of the officers, stemming from an informant's tip for the initial stop of the vehicle in which appellant was a passenger. The detective, a member of the Toledo police vice-narcotics unit, had previously worked with the same confidential informant; at a prior date, the informant's information led to a conviction in an unrelated drug-offense case. The confidential informant contacted the detective with a tip that appellant "deals drugs." The informant also provided specific information as to the time, place, and manner of appellant's appearance.

{¶ 15} The detective corroborated the informant's information with his own surveillance. In addition, he had previously stopped four individuals at that location who had had drugs in their possession. Police observed appellant as a passenger in the vehicle described by the informant, observed him exit that vehicle, enter and exit the residence, and return to the vehicle. Moments later, the informant called the detective and told him that appellant had the drugs on him. Based on the information available to the detective at the time the stop was ordered, the officers had the requisite reasonable and articulable suspicion to conduct an investigatory stop of appellant and the vehicle in which he was a passenger.

{¶ 16} Absent an arrest, a warrantless search of appellant and his environment may not be justified as incident to arrest. *State v. Rampey,* 5th Dist. No. 2004–CA–00102, 2006-Ohio-1383, 2006 WL 747603, ¶ 21. The state articulates no other rationale for a search other than a protective search. If, during a protective search, officers discover contraband, it is admissible. *State v.*

*Goodwin,* 2nd Dist. No. 21101, 2006-Ohio-3368, 2006 WL 1793242, ¶ 15. The rationale for a protective search, however, becomes attenuated with successive searches. See *Jackson v. State* (Ind.App.2003), 785 N.E.2d 615, 620. Police are not entitled to "unlimited bites of the apple." *United States v. Davis* (C.A.6, 2005), 430 F.3d 345, 357.

{¶ 17} Here, the detective testified that the purpose of the search was to "find drugs * * * or weapons." A protective search for weapons during an investigative search is acceptable to a point. When the use of multiple protective searches exceeds the rationale behind a *Terry*-type investigation, it becomes unreasonable. *Jackson,* 785 N.E.2d at 621. Officers exceeded the scope of a protective search under *Terry* when they conducted multiple warrantless searches of appellant. Even if the phone call between the detective and his informant following the second search yielded new or correct information, the nature of the stop or the allowable purpose of the warrantless search, i.e., a protective search for weapons, did not change. Consequently, we must conclude that the search, which resulted in the discovery of drugs, was unwarranted and that the evidence obtained therefrom should now be suppressed. Accordingly, appellant's sole assignment of error is well taken.

{¶ 18} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed, and appellant's conviction is vacated. This matter is remanded to that court for further proceedings consistent with this decision.

Judgment reversed.

PIETRYKOWSKI, P.J., and SKOW, J., concur.