DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his conviction and sentence for crack cocaine possession, rendered following a bench trial in the Williams County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On March 4, 2005, acting on an informant's information, Williams County Sheriffs deputies stopped a vehicle leaving the home of appellant, Kyle D. Traxler. Inside were appellant, his girlfriend and Jonathan McCaskill. When deputies searched *Page 2 
appellant, they found a pipe and four plastic bags containing crack cocaine in his pocket. In his car, deputies discovered more crack cocaine, weighing over 21 grams.
 {¶ 3} Appellant was arrested and later named in a three count indictment alleging possession of crack cocaine in excess of ten grams, a second degree felony, possession of crack cocaine weighing between one and two grams, a fourth degree felony, and simple cocaine possession, a fifth degree felony. Appellant pled not guilty to all three counts and the matter proceeded to a trial to the court, following which appellant was found guilty of all counts. Following a pre-sentence investigation, the court sentenced appellant to a term of three years for second degree possession and concurrent six month terms for the remaining counts.
 {¶ 4} From this judgment, appellant now brings this appeal, setting forth the following four assignments of error:
 {¶ 5} Appellant asserts the following assignments of error:
 {¶ 6} I. "Trial Court erred to the prejudice of Mr. Traxler finding him to be a complicitor as to count one of the indictment, in violation of his due process rights as guaranteed him under the Fifth, Sixth, andFourteenth Amendments to the United States Constitution and the applicable portions of the Ohio State Constitution.
 {¶ 7} II. "The trial court erred to the prejudice of Mr. Traxler by permitting the introduction of laboratory reports regarding the nature and amounts of the narcotics in violation of his right to confront witnesses and to due process as guaranteed him under *Page 3 
the Fifth, Sixth, and Fourteenth amendments to the United States Constitution and the applicable portions of the Ohio Constitution.
 {¶ 8} III. "The trial court erred to the prejudice of Mr. Traxler by sentencing him to a non-minimum sentence in violation of his right to due process and from the protection against ex post facto sentencing as guaranteed him under the Fifth, Sixth and Fourteenth amendments to the United States Constitution and the applicable portions of the Ohio Constitution.
 {¶ 9} IV. "Even if the assigned errors viewed individually are determined to be harmless, their cumulative effect can be prejudicial."
 Complicity {¶ 10} In his first assignment of error, appellant asserts that there was insufficient evidence to support finding him guilty of complicity to possess crack cocaine in excess of ten grams.
 {¶ 11} R.C. 2923.03(A)(2) provides: "No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following: * * * (2) Aid or abet another in committing the offense * * *." "To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime." State v.Johnson (2001), 93 Ohio St. 3d 240, 245. *Page 4 
 {¶ 12} The test is whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Thompkin (1997), 78 Ohio St.3d 380,390. In this case, it is unrefuted that appellant was present at the scene of the crime. Moreover, there was evidence presented, which, if believed, established that appellant frequently smoked crack with McCaskill prior to and including March 4, 2005. Police found drug paraphernalia including hand scales used to weigh drugs at appellant's home. Appellant had purchased crack from McCaskill earlier that evening. Additionally, McCaskill did not have a driver's license and frequently depended upon appellant for rides to and from his drug deals. From this circumstantial evidence, the trial court could reasonably find that appellant was aware that McCaskill had cocaine, despite McCaskill's testimony that he never specifically told appellant about the crack or the definite amount.
 {¶ 13} Appellant, relying on [State v.___, an expunged case] argues that he may not be convicted because, although he knew crack cocaine was in his car, he did not know the quantity. His reliance on an expunged case is unavailing, as the case at issue is no longer applicable law.State v. Middleton, 2006-Ohio-6634, ¶ 9.
 {¶ 14} R.C. 2901.22(B) provides: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." Therefore, neither R.C. 2925.03 nor 2901.22(B) require a principal or complicitor to know the specific amount of drugs they *Page 5 
possess to be convicted of drug trafficking. Consequently, it is not significant whether the appellant knew the actual weight of the drugs. Accordingly appellant's first assertion of error is not well taken.
 Admission into Evidence of Lab Reports {¶ 15} In his second assignment of error, appellant contends that the trial court erred in admitting laboratory reports which contained the analysis indicating the weight of the drugs, violating his constitutional rights to due process and right to confront witnesses.
 {¶ 16} The trial court without objection admitted the lab reports presented by a narcotics officer stating the substance found on both appellant and in the front seat of the vehicle was crack and stating the weight. The lab reports were not presented by their makers, forensic scientists.
 {¶ 17} The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." The Confrontation Clause bars "testimonial statements" of witnesses who do not appear at trial, unless the witness is unavailable and the defendant had prior opportunity for cross-examination. Crawford v. Washington (2004),541 U.S. 36, 53-54.
 {¶ 18} We note that appellant never raised any constitutional issues in the trial court and failed to object to admission of this evidence in the trial court. The failure to raise a constitutional issue at the trial level waives the right to advance a constitutional *Page 6 
argument at the appellate level. See Evid.R. 103(A)(1); State v. 1981Dodge Ram Van (1988), 36 Ohio St.3d 168, 170; State v. Awan (1986),22 Ohio St.3d 120, syllabus. Therefore, absent plain error, appellant waived his constitutional arguments. "Crim.R. 52(B) provides that a plain error that affects a substantial right may, even in the absence of an objection, be considered by an appellate court." State v.Carpenter, 6th Dist. No. L-05-1219, 2006-Ohio-4296, ¶ 14.
 {¶ 19} "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise."State v. Wogenstahl (1996), 75 Ohio St. 3d 344, 357. In this case, both appellant and McCaskill identified the substance as crack cocaine. Therefore, the lab reports only confirmed what the appellant had already established. Moreover, in order to satisfy the statutory requirement, the amount of crack cocaine must only exceed ten grams. The amount found on appellant and in the car was double the statutory requirement. Accordingly, appellant's second assignment of error is not well-taken.
 Sentencing {¶ 20} In his third assignment of error appellant asserts that the trial court erred in sentencing him to three years imprisonment on Count 1.
 {¶ 21} Count 1 of the indictment alleged a violation of R.C. 2925.11
(A)(C)(4)(d), possession of cocaine, a second degree felony. "For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." R.C. 2929.14 (A)(2). Appellant argues that his mandatory prison sentence of three years, rather than *Page 7 
the minimum two years is unlawful, violating his right to due process and protection from ex post facto sentencing.
 {¶ 22} R.C. 2929.14(B)(2) provides: "* * * [T]he court shall impose the shortest prison term authorized for the offense * * * unless one or more of the following applies: (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term. (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Appellant contends that since the trial court made no such finding, there is a requirement of additional judicial fact finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant.
 {¶ 23} "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing * * * more than minimum sentences."State v. Foster (2006), 109 Ohio St. 3d 1, 2006-Ohio-856, ¶ 100.
 {¶ 24} Foster was decided on February 27, 2006. Appellant's bench trial took place on February 7 and 8, 2006, and his sentencing took place on April 7, 2006. As a result, appellant may not premise error upon the failure of the trial court to make certain findings which are no longer required.
 {¶ 25} Appellant argues that utilizing Foster violates his right to protection against ex post facto sentencing as guaranteed him under the Fifth, Sixth, and *Page 8 Fourteenth Amendments to the United States Constitution. This argument is unfounded. An ex post facto law is one "`that makes an action done before the passing of the law, and which was innocent when done criminal; and punishes such action,' or `that aggravates a crime, or makes greater than it was when committed.'" Bouie v. City ofColumbia (1964), 378 U.S. 347, 353, quoting Caulder v. Bull (1798),3 U.S. 386.
 {¶ 26} In this case, utilizing the ruling in Foster does not make innocent actions by appellant criminal: his actions were criminal prior to the decision in Foster. Foster does not change the legal status of a particular action, and is not a legislative action. Foster addresses the manner in which a court may impose Ohio's presumptive minimum prison term. It simply omits the requirement that a trial court must find "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the future by the offender or other." R.C. 2929.14(B)(2). The trial court's sentence is permitted in light of the finding in Foster. Accordingly appellant's third assignment of error is not well taken.
 Cumulative Error {¶ 27} In his fourth assignment of error, appellant asserts that the trial court should have looked at the cumulative effect of the previous three assignments of error even if they were individually determined to be harmless. Because this court did not find any errors in the three previous assignments of error, we find there was no harmful cumulative effect to appellant. Therefore, appellant's fourth assignment of error is not well taken. *Page 9 
 {¶ 28} The judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1