DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals her conviction for two counts of cocaine possession entered on a jury verdict in the Williams County Court of Common Pleas. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Jonathan "Jo Jo" McCaskill is a Toledo drug dealer with a clientele in Williams County. Since McCaskill is without a driver's license, he relies on others for transportation.
 {¶ 3} On March 4, 2005, McCaskill, driven by an associate, Jason Shaffer, came into Williams County with a large quantity of crack cocaine. The two men went to the home of Kyle Traxler where McCaskill provided several people assembled there with a sample quantity of the drugs. Appellant, Vanessa L. Birky, is Traxler's girlfriend and was present.
 {¶ 4} At some point, McCaskill dispatched Shaffer to deliver an order to another customer. Unknown to either McCaskill or Shaffer, the customer was cooperating with police. Officers arrested Shaffer who told them that McCaskill was at Traxler's home with a large quantity of drugs.
 {¶ 5} While drug task force agents sought a warrant for Traxler's home, two sheriffs deputies in marked cars were detailed to watch Traxler's rural property. Shortly before 11 p.m., one of the deputies observed a car leaving the Traxler residence. The deputy turned and followed the vehicle for approximately one-half mile, at which point the car turned into a private driveway. The deputy followed, finding the car stopped next to a darkened house. A man and a woman, later identified as Traxler and appellant, were emerging from the driver's side of the car.
 {¶ 6} The deputy waited momentarily for a second officer to arrive, then conducted a pat-down search of Traxler. In so doing, the deputy found a crack pipe and *Page 3 
arrested Traxler for drug paraphernalia possession. After the arrest, the deputy found four plastic bags containing crack cocaine on Traxler's person.
 {¶ 7} As this was occurring, the second deputy shone a light in the passenger window of the car, discovering McCaskill seated there. The deputy ordered McCaskill out of the car, in the process observing a spilled purse on the front seat next to plastic bags containing what appeared to be crack cocaine. The purse also contained a metal pipe with burnt residue on it. A subsequent further search revealed additional quantities of crack cocaine, in excess of 21 grams, stuffed between the seats.
 {¶ 8} McCaskill, Schaffer, Traxler and appellant were all charged with drug-related offenses. Appellant was named in the indictment charging two counts of cocaine possession: one count as a second-degree felony, the second as a fifth degree felony.
 {¶ 9} All of the defendants initially pled not guilty. McCaskill, Traxler, and appellant moved to suppress the drugs seized from the car, arguing that the stop was without reasonable articulable suspicion. When the trial court denied the motion, McCaskill pled to trafficking and possession charges. Traxler was tried to the bench and found guilty of three counts of possession. His conviction was affirmed on appeal.State v. Traxler, 6th Dist. No. WM-06-005, 2007-Ohio-2025.
 {¶ 10} Appellant was tried before a jury, calling McCaskill as a witness. The jury found appellant guilty on both counts. The trial court accepted the verdict and sentenced appellant to a four-year term of incarceration. From this judgment, appellant now brings this appeal, setting forth the following three assignments of error: *Page 4 
 {¶ 11} "I. Whether the trial court erred when it denied the appellant's motion to suppress as the officer did not have reasonable articulable suspicion to stop the vehicle.
 {¶ 12} "II. Whether there is insufficient evidence to convict a person of complicity to possessing drugs when the evidence only shows mere presence or knowledge.
 {¶ 13} "III. Whether the trial court committed reversible error when it failed to give jury instructions regarding a co-defendants testimony."
 I. Suppression Motion {¶ 14} In her first assignment of error, appellant asserts that the trial court erred in denying a motion to suppress the evidence found in her car.
 {¶ 15} The Fourth Amendment to the Constitution of the United States and Article I, Section 14 of the Ohio Constitution, prohibit unreasonable searches and seizures. A search or seizure of a person or property is per se unreasonable absent a warrant, State v. Kessler
(1978), 53 Ohio St.2d 204, 207, unless within a small number of well-defined exceptions. Coolidge v. New Hampshire (1971), 403 U.S. 443,454-455. Evidence obtained as a result of a warrantless search or seizure not within one of these specific exceptions must be suppressed.State v. Moore, 90 Ohio St.3d 47, 49, 2000-Ohio-10, citing Mapp v.Ohio (1961), 367 U.S. 643. The burden of proving a search or seizure is within an exception rests with the state. Kessler at 207; State v.Kazazi, 6th Dist. No, WD-03-035, 2004-Ohio-4147, ¶ 8.
 {¶ 16} "An appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. During a suppression hearing, the trial court *Page 5 
assumes the role of the trier of fact and is, therefore, in the best position to resolve factual questions and evaluate the credibility of witnesses. As a result, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. An appellate court must then independently determine without deference to the trial court's legal conclusions whether, as a matter of law, evidence should be suppressed." (Citations omitted.) State v. Hackett,171 Ohio App.3d 235, 239, 2007-Ohio-1868, ¶ 9.
 {¶ 17} The Fourth Amendment is not offended by an investigatory stop premised upon an officer's reasonable articulable suspicion of criminal activity. When an officer possesses such a suspicion, he or she may detain an individual briefly to investigate. Terry v. Ohio (1968),392 U.S. 1, 11. Moreover, during such an encounter, when an officer has a reasonable belief that a detainee may pose a threat to the officer's safety or that of others, he or she may conduct a pat-down search for weapons. Terry at 27. If during such a search an officer discovers contraband, it is subject to seizure. Minnesota v. Dickerson (1993),508 U.S 366, 375; Hackett at 240, ¶ 16.
 {¶ 18} Objects in plain view that are immediately apparent as unlawful are also subject to seizure. Id. Once an officer has made a valid arrest, a more thorough search of the individual arrested may be made incident to arrest. State v. Murrell, 94 Ohio St.3d 489, 491,2002-Ohio-1483; Chimel v. California (1969), 395 U.S. 752, 762-763. If an arrestee is an occupant of a motor vehicle, the passenger compartment may be searched. Murrell, syllabus. *Page 6 
 {¶ 19} Appellant argues, citing Delaware v. Prouse (1979),440 U.S. 648, that the driver of the vehicle in which she was riding committed no overt traffic violation and that the only suspicion from the circumstances stated arose from the fact that the car was leaving a place where drug activity was suspected. No one ever described the car or specifically linked it to drug activity. The vehicle was only suspect because the place from which it came was suspect. In such circumstances, appellant insists, there was not a reasonable articulable suspicion of criminal activity attached to the car, making an investigatory stop unlawful.
 {¶ 20} Appellant's argument might carry more weight if the deputies had actually stopped the car. The unrefuted testimony of the first deputy during the suppression hearing was that, when he followed the car into the private driveway, he had not engaged his lights or siren. Indeed, the car was stopped and Traxler and appellant were emerging from the driver's side when the deputy arrived.
 {¶ 21} As for the people who emerged from the car, the deputies knew that they had just come from a location for which a drug warrant was in the process of being obtained and they had rapidly turned onto the driveway of a darkened private house. On the totality of these circumstances, it is reasonable that the deputies suspected some sort of criminal activity. The deputies also knew that drug dealing was at issue, giving rise to a reasonable suspicion that weapons might be present, justifying the deputy's pat-down search of Traxler. The pat-down search produced the crack pipe which led to a search incident to arrest which produced four baggies of crack cocaine. *Page 7 
 {¶ 22} With respect to the crack cocaine in the car — which was the principal evidence against appellant — the deputy who discovered it testified that it was in plain view on the front seat. Consequently, the drugs found and seized from the car that night were properly discovered and the trial court did not err in denying appellant's motion to suppress.
 {¶ 23} Accordingly, appellant's first assignment of error is not well-taken.
 II. Sufficiency of Evidence {¶ 24} A criminal conviction may be overturned on appeal if the conviction is not supported by sufficient evidence. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. On review, the appeals court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J., concurring); State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also,State v. Eley (1978), 56 Ohio St.2d 169; State v. Barns (1986),25 Ohio St.3d 203.
 {¶ 25} Appellant was convicted of complicity to drug possession. R.C.2925.11(A) makes it unlawful to "* * * knowingly obtain, possess, or use a controlled substance." Possession of any amount of cocaine is a fifth degree felony. R.C. *Page 8 2925.11(C)(4)(a). Possession of crack cocaine in an amount exceeding ten grams, but less than 25 grams is a second degree felony. R.C. 2923.03(A) provides that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall do any of the following: * * * (2) Aid or abet another in committing the offense * * *."
 {¶ 26} "To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime." State v.Johnson, 93 Ohio St. 3d 240; 2001-Ohio-1336, syllabus. Such support, assistance, encouragement or cooperation "* * * may be inferred from presence, companionship and conduct before and after an offense is committed." State v. Jackson, 10th Dist. App. No. 03AP-273,2003 Ohio 5946, ¶ 32.
 {¶ 27} Appellant insists that mere presence of an individual at the site of a criminal offense is insufficient to prove complicity. As far as it goes, this is an accurate proposition of law. State v. Widner
(1982), 69 Ohio St.2d 267, 269. As much as appellant would suggest otherwise, however, the proposition is not applicable here.
 {¶ 28} The car in which McCaskill, Traxler, appellant and the drugs were found was owned by appellant. Appellant herself testified that she was aware that McCaskill brought drugs to Traxler's. Appellant herself testified that she had smoked crack that *Page 9 
evening. Appellant did not deny ownership of the purse found on the front seat of the car next to which was found some of the crack cocaine and inside which was found a crack pipe. From appellant's immediate exit from the drug laden car on the arrival of police, one might reasonably infer a consciousness of guilt. All of these circumstances constitute evidence by which a reasonable trier of fact could conclude that appellant knew of the presence of the drugs and was aiding McCaskill in transporting and/or secreting them.
 {¶ 29} Most damning, however, was the testimony of one of the arresting officers who reported that during the drive to the sheriffs office appellant told him that when the car stopped in the driveway McCaskill handed her the baggies containing the crack cocaine. According to the officer, appellant then admitted that she attempted to hide the drugs by stuffing part into her purse and the rest in the back seat. This is testimony which, if believed, would establish that appellant knowingly aided McCaskill in possession of the crack cocaine that was found.
 {¶ 30} Accordingly, appellant's second assignment of error is not well-taken.
 III. Accomplice Testimony Instruction {¶ 31} In her remaining assignment of error, appellant insists that the trial court committed plain error when it failed to include in its charge to the jury the statutorily mandated cautionary instruction with respect to accomplice testimony.
 {¶ 32} R.C. 2923.03(D) provides:
 {¶ 33} "(D) If an alleged accomplice of the defendant testifiesagainst the defendant in a case in which the defendant is charged with complicity in the commission *Page 10 
of or an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:
 {¶ 34} "The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 {¶ 35} "`It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth.'" (Emphasis added.)
 {¶ 36} Failure to include the cautionary instruction in the charge has been held by several courts of appeals to be plain error. State v.Pope, 8th Dist. No. 81321, 2003-Ohio-3647, ¶ 36 (accomplice testified for the state); State v. Burkhammer (Jan. 11, 1991), 8th Dist. No. 89-L-14-096 (accomplice testified for the state); State v. McKinney
(Mar. 6, 1990), 10th Dist. No. 89AP-466 (accomplice testified for the state).
 {¶ 37} The alleged accomplice about whom appellant insists such an instruction was obligatory was Jo Jo McCaskill. McCaskill was called as a defense witness. Thus, his testimony fails to satisfy the threshold statutory requirement that the accomplice "testif[y] against the defendant." Indeed had the court offered an instruction that a defense witness's testimony was "subject to grave suspicion," we would likely be here on a different assignment of error. *Page 11 
 {¶ 38} An accomplice who testifies as a non-hostile defense witness will not be presumed to be testifying "against the defendant." Consequently, the trial court did not err in failing to include the statutory accomplice instruction in its charge. Accordingly, appellant's third assignment of error is not well-taken
 {¶ 39} On consideration whereof, the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., JUDGE, Arlene Singer, J., JUDGE, William J. Skow, J., CONCUR. *Page 1