{¶ 55} I respectfully dissent. I would sustain appellant's first assignment of error and find his remaining assignments of error moot.
 {¶ 56} Appellant contends that the police unconstitutionally stopped and frisked him. As a result, he asserts that the trial court erred when it failed to sustain his motion to suppress.
 {¶ 57} Under the Fourth Amendment, police may stop and briefly detain people for investigative purposes based on a reasonable suspicion of criminal activity. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889. A "[r]easonable suspicion entails some minimal level of objective justification for making a stop-that is, something more than an inchoate and unparticularized suspicion or `hunch,' but less than the level of suspicion required for probable cause." State v. Jones (1990),70 Ohio App.3d 554, 556-557, 591 N.E.2d 810. In United States v.Cortez (1981), 449 U.S. 411, 101 S.Ct. 690, the court held that the totality of the circumstances must be considered when determining whether the officers possessed reasonable suspicion. Id. at 417,101 S.Ct. 690, 66 L.Ed.2d 621.
 {¶ 58} "Where * * * the information possessed by the police before the stop stems solely from an informant's tip, the determination of reasonable suspicion will be limited to an examination of the weight and reliability due that tip." Maumee v. Weisner, 87 Ohio St.3d 295, 299,1999-Ohio-68. The factors considered by a reviewing court evaluating a tip include the informant's veracity, reliability, and basis of knowledge. Id.
 {¶ 59} Here, the police made the stop based on the informant's tip. Even assuming that the informant's tip was credible and reliable regarding the fact that `P' *Page 24 
was going to sell him drugs in the Kroger's parking lot, in my view, the State failed to establish that the stop was justified. The tip did not provide officers with any specific or articulable facts upon which to conclude that the vehicle they observed and then stopped was driven by `P', or that it was involved in the buy arranged by their informant.
 {¶ 60} When acting on an informant's tip, we, along with other courts, have routinely required that the informant's tip provide information about the person or vehicle to be stopped. State v. Traver, Ross App. No. 07CA2950, 2007-Ohio-4659 (the informant provided a description of the car and identified the suspect by getting into the car with him);State v. Hackett, 171 Ohio App. 3d 235, 2007-Ohio-1868 (the informant provided the officers with the suspect's location, vehicle description, license plate number, and his appearance); and State v. Isabell, Cuyahoga App. No. 87113, 2006-Ohio-3350 (the informant provided the suspects full name, telephone number, and a description of the suspect and his vehicle). When the informant only provides general or neutral information about the suspect, the Fourth Amendment has not been satisfied. State v. Rivera, Lucas App. No. L-04-1369, 2006-Ohio-1867.
 {¶ 61} From the record, it appears that the officer that testified did not know (1) what `P' looked like; (2) what kind of vehicle `P' was driving; and (3) P's full, real name. In addition, the officer did not use the informant to confirm that the suspect driver was `P.'
 {¶ 62} As such, when the officer stopped the vehicle driven by appellant, the officer did not possess any specific or articulable facts upon which to conclude that appellant was the subject of his investigation. Thus, I would find that the officer acted merely on a hunch that appellant was `P.' Appellant became the focus of his attention merely because he was present in the parking lot and circled three times as if looking *Page 25 
for someone. The officer stated he stopped appellant because the officers ordered dope from him (suspect `P'), but, contrary to the majority's position, the record shows that the State failed to present any evidence that the officer had a reasonable suspicion that the driver of the vehicle they stopped was actually `P', their seller.
 {¶ 63} In State v. Mesley (1999), 134 Ohio App.3d 833, 840,732 N.E.2d 477, the Sixth District concluded that the officers were not justified in approaching a parked van, after witnessing one man park his vehicle nearby, stop, and then get into the van. Similar to Mesley, the officer here had a parking lot under surveillance due to a tip, but he lacked any specific information on who might be engaging in criminal activity. And like Mesley, the officer lacked sufficient reason to believe the behavior observed was anything other than benign.
 {¶ 64} Even assuming that the officer correctly concluded that appellant was looking for someone, this fact is insufficient to justify a stop. This is because he was unable to link the vehicle he observed to the information provided by the informant; in short, he simply acted on a general hunch that appellant was suspect `P.'
 {¶ 65} Consequently, I would sustain appellant's first assignment of error and find his remaining assignments of error moot.
 {¶ 66} Accordingly, I dissent. *Page 1