OPINION
{¶ 1} Defendant-appellant Shawn Greene appeals from his conviction of murder with a firearm specification that was entered after a jury trial in the Mahoning County Common Pleas Court. Appellant asks this court to determine whether the trial court erred in excluding certain instances of the victim's violent nature, whether the court erred in admitting other acts evidence regarding appellant, whether the court should have declared a mistrial due to the state's question on an inadmissible other act and a statement made in closing arguments, and finally, whether the court should have dismissed the case with prejudice based upon double jeopardy. In a cross-appeal, the state argues that there was insufficient evidence for the trial court to have instructed on voluntary manslaughter. For the following reasons, the judgment of the trial court is affirmed, and the state's cross-appeal is dismissed.
 STATEMENT OF THE CASE {¶ 2} The decedent, Daniel Wilkerson, had six children with Shawendea Bell. Ms. Bell lived at 514 West Ravenwood with appellant. On April 25, 1999, Mr. Wilkerson arrived at Ms. Bell's residence and was eventually shot in the abdomen by appellant.
 {¶ 3} Appellant was indicted for murder with a firearm specification. A jury convicted him as charged. In a June 13, 2002 sentencing entry, the trial court sentenced appellant to three years for the firearm specification to be followed by fifteen years to life for the murder.
 {¶ 4} Appellant filed timely notice of appeal. The state filed a cross-appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 5} Appellant's first assignment of error provides:
 {¶ 6} "The trial court erred by not allowing appellant to introduce specific evidence of decedent's violent nature at trial to establish and corroborate appellant's claim of self-defense."
 {¶ 7} In meeting the burden to prove self-defense, the defendant must establish in part a bona fide belief that he was in imminent danger of death or great bodily injury. State v.Robbins (1979), 58 Ohio St.2d 74, 80. In order to prove the defendant's state of mind, a court can allow the defendant to testify about the victim's reputation for violence and his knowledge of specific instances of the victim's prior violent conduct. See, e.g., State v. Baker (1993), 86 Ohio App.3d 204,208.
 {¶ 8} Appellant's complaint in this assignment of error is that he was precluded from asking Ms. Bell on cross-examination during the state's case: "Isn't it also a fact that you told Shawn Greene that Daniel Wilkerson had hit you approximately —" (Tr. 401). The state argued that she could testify as to opinion or reputation to corroborate appellant's self-defense claim only after there is evidence put on that can be corroborated, such as appellant's testimony. Defense counsel advised that he would like to proffer into the record Ms. Bell's potential testimony regarding specific instances of the victim's past violence. (Tr. 420).
 {¶ 9} Appellant testified to the following facts: the victim often called him on the telephone, threatening to rob and kill him; the victim drove by his house, which he believed to be threatening; and the victim hit Ms. Bell in the past. (Tr. 520-524). Then, a Youngstown police officer testified that in his opinion, the victim was "a violent person." (Tr. 688). Ms. Bell was recalled to testify that in her opinion, the victim was nice until he got drunk which caused them to fight. (Tr. 647). On further questioning about the meaning of "fight," an objection was levied by the state. Before the objection could be ruled upon, defense counsel agreed to ask no further questions of Ms. Bell. (Tr. 647-648).
 {¶ 10} On appeal, appellant states that Ms. Bell proffered that she told appellant that: she had a civil protection order against the victim (which itself was ruled inadmissible because the cpo expired prior to the shooting); the victim was violent toward her one month prior to the shooting; the victim hit, slapped, scratched, and threw her down in January 1999; she told appellant about a 1998 incident where the victim threatened to kill everyone in the house; the victim threw a brick through her window in 1998; and the victim choked her and kicked her in the groin while she was pregnant in October 1997. However, appellant fails to cite to this court where in the 759-page transcript this proffer took place.
 {¶ 11} Pursuant to Evid.R. 404(A), character evidence is generally not admissible to show that a person acted in conformity with his character on a particular occasion. One exception to this rule is where a pertinent character trait of the victim is offered by the accused. Evid.R. 404(A)(1). The methods of proving character are outlined in Evid.R. 405. For instance, reputation and opinion evidence can be presented on direct examination and specific instances questioned on cross-examination of that witness who gave the reputation or opinion evidence. Evid.R. 405(A). Otherwise, specific instances of conduct can only be established if character or a character trait is an essential element of the charge, claim, or defense. Evid.R. 405(B).
 {¶ 12} Appellant argues that he should have been permitted to present the proffered specific instances of the victim's conduct to the jury through Ms. Bell to establish his state of mind regarding self-defense, citing Evid.R. 405(B). The state counters that the victim's character is not an essential element of self-defense and thus Evid.R. 405(B) is inapplicable. The state concedes that the defendant can testify as to specific instances of violence by a victim to show his state of mind but claims that this rule applies only to the defendant's testimony rather than the testimony of every witness.
 {¶ 13} This court and others have held that a victim's violent nature is not an essential element of self-defense.State v. Austin (1996), 115 Ohio App.3d 761,764; State v.Cuttiford (1994), 93 Ohio App.3d 546, 555; State v. Carlson
(1986), 31 Ohio App.3d 72, 74 (noting that the Staff Note to Evid.R. 405[B] states that negligent entrustment is an example of a case where character is an essential element). Rather, the reason a defendant can testify as to specific instances of a victim's violent nature is to establish, not the victim's character per se, but his own state of mind. Id.
 {¶ 14} Regardless, the state points out that even if the rules allowed Ms. Bell to testify as to specific instances of violence, appellant was not prejudiced as his own testimony negated their potential relevance to a claim of self-defense. Specifically, appellant testified:
 {¶ 15} "Q. Then why are you showing the guy the gun?
 {¶ 16} "A. I was scared.
 {¶ 17} "Q. He hasn't said anything to you.
 {¶ 18} "A. Well, he came — like I said, he came — he was making threats, so I thought he was coming to do what he —
 {¶ 19} "Q. He made threats before?
 {¶ 20} "A. Yes, sir.
 {¶ 21} "Q. Okay. And were you scared of him because he beat up Shawendea?
 {¶ 22} "A. No, sir.
 {¶ 23} "Q. It certainly doesn't make him a murderer, does it, because he beats up women?
 {¶ 24} "A. No, sir.
 {¶ 25} "Q. So, the only fear you had were telephone threats, is that it? That's what your fear is based upon?
 {¶ 26} "A. Yes, sir." (Tr. 552-553).
 {¶ 27} As the state contends, this excerpt establishes that all incidents of prior violence with Ms. Bell were irrelevant to appellant's state of mind on the day of the shooting. According to his own testimony, the only reason he believed he was in imminent danger was because of the threatening phone calls made by the victim. Moreover, he explicitly denied that the incidents against Ms. Bell influenced his state of mind. For all of the foregoing reasons, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 28} Appellant's second assignment of error alleges:
 {¶ 29} "The trial court erred by admitting other act allegedly committed by appellant."
 {¶ 30} Pursuant to Evid.R. 404(B), evidence of other crimes, wrongs, or acts is not admissible to prove character or to show one acted in conformity therewith unless such evidence is used to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. It has been held that such evidence is inadmissible unless one of these grounds is established and there is substantial proof that the act was committed. State v. Lowe (1994), 69 Ohio St.3d 527. Here, appellant claims that neither prong of this test has been met with regards to two acts placed in evidence by the state.
 {¶ 31} First, appellant takes issue with testimony from Ms. Bell relating that on the day of the shooting, appellant came home complaining about her brother. Appellant focuses on the following question and answer:
 {¶ 32} "Q. Do you know what the argument was about?
 {¶ 33} "A. Because Shawn had shot a hole through the hood of my car." (Tr. 351).
 {¶ 34} First, the state argues that this other act evidence fits under the absence of mistake exception. Next, the state asks us to read further and notice that appellant did not object on other acts grounds but instead only objected on grounds that Ms. Bell did not know when it happened.
 {¶ 35} Specifically, counsel stated, "Objection, Your Honor. We make a motion to strike. She doesn't know when the time — when this occurred. We don't even know." (Tr. 352). The court overruled the objection and let the state develop the answer whereby Ms. Bell clarified that it was about a week-and-a-half, two weeks ago. I mean before the shooting." (Tr. 352).
 {¶ 36} The state thus concludes that any error was waived because appellant objected on grounds other than those raised on appeal, citing Evid.R. 103(A)(1) and State v. Wade, 9th Dist. No. 02CA0076-M, 2003-Ohio-2351. Evid.R. 103(A)(1) states in a ruling to admit evidence, a timely objection or motion to strike must state on the record the specific ground for the objection if the specific ground was not apparent from the context. Similarly, where a specific objection is made to the admissibility of evidence, all other objections are waived on appeal. State v.Scott (Dec. 20, 2001), 7th Dist. No. 00 BA 40.
 {¶ 37} Apparently in recognition of the foregoing standards, appellant resorts to the doctrine of plain error. Crim.R. 52(B) states that the appellate court may recognize plain error if substantial rights are affected. However, before an appellate court can recognize plain error, the court must find: (1) error; (2) that was obvious; and (3) that affected such substantial rights that it was outcome determinative. State v. Noling,98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 62. However, even if this three-part test is met, the appellate court still need not recognize plain error because the decision is a discretionary one which is made only with the utmost caution under exceptional circumstances to avoid a manifest miscarriage of justice. Id. We have concluded that even if admission of the other act into evidence was unobjected error, it could not rise to the level of plain error under the circumstances of this case.
 {¶ 38} The second "other act" raised by appellant on appeal is encompassed in the second question in the following passage:
 {¶ 39} "Q. And you bought it [the gun] for the sole purpose of shooting Pap Wilkerson, didn't you?
 {¶ 40} "A. Yes, sir.
 {¶ 41} "Q. Okay. But in the meantime, you also wanted to shoot Marcus Bush too, didn't you?"
 {¶ 42} "A. Objection. May we approach. Mistrial." (Tr. 557).
 {¶ 43} The court sustained the defense's objection but overruled the defense's motion for a mistrial. (Tr. 558). The court then instructed the jury to disregard the last question and act as though they never heard it. (Tr. 565). Under this assignment, appellant basically just raises the fact that the question was asked, and that a mistrial was not granted. No "other acts" evidence was admitted here. Yet, the text of this assignment deals with admitting "other acts" evidence. As such, appellant violated App.R.12(A)(2) and App.R.16(A)(7), which allow this court to disregard an argument where it is not presented separately in the brief by placing the proper arguments under the related assignments. Nonetheless, appellant again raises this issue under the next assignment of error.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 44} Appellant's third assignment of error argues:
 {¶ 45} "The trial court erred in not granting appellant's motion for mistrial."
 {¶ 46} Appellant's issue presented expands the argument by adding: "Whether the trial court should have granted mistrial for prosecutorial misconduct following prosecution's questioning of unrelated, uncorroborated, uncharged shooting allegedly committed by appellant and improper comments during closing argument."
 {¶ 47} Here, appellant reiterates that the trial court should have granted a mistrial because the state asked the above-quoted question about wanting to shoot Marcus Bush. First, we note that, contrary to the wording of the issue presented, there was no questioning on a shooting, but rather on a possible desire.
 {¶ 48} The state argues that the jury is presumed to follow the curative instruction. It is well-established that the jury is presumed to have followed a curative instruction. State v.Garner (1995), 74 Ohio St.3d 49, 59. Mistrials should only be granted if the ends of justice so require where a fair trial is no longer possible. Id. In Garner, the Court held that a reference to prior arrests was fleeting and followed promptly by a curative instruction. Id. Thus, the Court found no abuse of discretion in failing to grant a mistrial. Id. Similarly, in this case, the reference was fleeting and was followed promptly by an instruction to disregard the state's question. As such, the trial court did not abuse its discretion in failing to grant a mistrial.
 {¶ 49} Moreover, contrary to appellant's argument under his prior assignment of error, the state's question was not the admission of "other acts" evidence. Having a thought is not an other act, crime, or wrong.
 {¶ 50} Next, appellant complains about the following one sentence in the state's rebuttal portion of closing argument: "Counsel for the defendant can't get the defendant's story straight." (Tr. 721). Defense counsel objected, an off-the-record discussion was held, and the prosecutor returned to her rebuttal. Appellant now argues that the prosecutor's statement was improper and prejudicially affects his substantial rights by denigrating the role of defense counsel and insinuating that he is hiding the truth.
 {¶ 51} The state responds that counsel has wide latitude in closing and can make fair comments on the credibility of witnesses based on the evidence presented at trial. The state asks us to view the entire context of closing arguments, especially rebuttal, and notice how, after making the disputed comment, the state merely responded to each point raised by the defense.
 {¶ 52} First, we should note that although this argument is presented under an assignment of error dealing with refusal to grant a motion for a mistrial, there is absolutely no indication that appellant sought mistrial with regards to this statement. Once again, App.R. 12(A)(2) and 16(A)(7) allow this court to disregard arguments not separately argued in the brief. Likewise, we cannot say that the comment required the trial court to grant a mistrial where the trial court was never asked to grant a mistrial. See State v. Hill (1996), 75 Ohio St.3d 195, 212
(stating that the trial court's authority to declare a mistrial sua sponte is limited).
 {¶ 53} Regardless, this case is distinguishable from the cases cited by appellant as constituting denigration of the role of defense counsel and improperly injecting personal beliefs. In any case, even if the statement was improper, prejudice is not apparent in the context of the entire closing or even just in the context of the rebuttal. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER FOUR {¶ 54} Appellant's fourth and final assignment of error contends:
 {¶ 55} "The trial court erred in refusing to dismiss the case with prejudice [under the double jeopardy clause] after state invited mistrial for failing to disclose identity of three witnesses until after a jury view was sworn and taken."
 {¶ 56} This case originally proceeded with jury selection in October 2000. In fact, the jury was empanelled, and a jury view of the crime scene was conducted. However, prior to commencement of testimony, the state disclosed that it just discovered the names of three additional witnesses. Apparently, appellant moved for exclusion of the testimony of these witnesses, which the trial court denied. Instead, the trial court offered a continuance or a mistrial and gave defense counsel the opportunity to interview Ms. Bell and Mr. Butler in the Victim-Witness Office before deciding which option to pursue. Appellant asked for a mistrial, which the trial court granted.
 {¶ 57} Appellant soon filed a motion to dismiss on the basis of double jeopardy. The trial judge recused itself from ruling on the issue and a different judge held a hearing on the matter and decided the issue. On December 28, 2000, in a three and one-half page judgment entry, the court denied the motion to dismiss. The court found that after the jury view, the prosecutor was called to the Victim-Witness Office to speak with Ms. Bell. Ms. Bell brought Mr. Butler with her to testify against appellant. The court believed that this was the first time the prosecutor learned the last name and address of this witness and of the existence of his two companions who could corroborate his testimony. The court determined that defense counsel chose to seek a mistrial rather than request the offered continuance, and thus, the case should not be dismissed on double jeopardy grounds.
 {¶ 58} On appeal, appellant contends that the state engaged in prosecutorial misconduct to provoke a mistrial and that the trial court abused its discretion in granting a mistrial, citingState v. Glover (1988), 35 Ohio St.3d 18. First, we note thatGlover expressly dealt with a sua sponte grant of a mistrial, which is not the case here. The reason we shall not review the court's grant of the motion herein for abuse of discretion is because it is illogical to argue that the trial judge abused its discretion in granting a mistrial when it was defense counsel who asked for the mistrial. Contrary to appellant's argument, he was not forced to seek a mistrial. A continuance could have remedied any lack of notice regarding the witnesses.
 {¶ 59} A more appropriate cite would be to State v. Loza
(1994), 71 Ohio St.3d 61, where the Supreme Court stated the general rule: "When a trial court grants a criminal defendant's request for a mistrial, the Double Jeopardy Clause does not bar retrial." Id. at 70, citing Oregon v. Kennedy (1982),456 U.S. 667, 673. The Court noted a narrow exception in cases where the mistrial is precipitated by prosecutorial misconduct intentionally calculated to cause or invite mistrial. Id., citingKennedy at 678-688.
 {¶ 60} In this case, the trial court found that the state did not intentionally fail to disclose these witnesses earlier. The court determined that there was no prosecutorial misconduct intentionally calculated to invite a mistrial. That decision was within the trial court's sound discretion. In any case, as the state notes, appellant failed to submit the transcript from the hearing where testimony was presented surrounding the revelation of these witnesses. Thus, we could not second-guess the trial court's decision even if we were so inclined. App.R. 9(B); Statev. Burnside, 7th Dist. Nos. 01 CA 215, and 01 CA 216, 2002-Ohio-5216. Accordingly, this assignment of error is overruled.
 {¶ 61} For the foregoing reasons, the judgment of the trial court is hereby affirmed. As such, we shall refrain from addressing the state's cross-appeal (complaining that the trial court instructed on voluntary manslaughter where no evidence supported such a charge) as it has become moot.
Judgment affirmed.
Waite, P.J., and DeGenaro, J., concur.