THE STATE EX REL. GRINNELL, APPELLANT, *v.* REECE, JUDGE, APPELLEE.

[Cite as *State ex rel. Grinnell v. Reece,* 135 Ohio St.3d 255, 2013-Ohio-733.]

*Criminal procedure—Crim.R. 32—Judgment entry of conviction—Writs of procedendo and mandamus denied.*

(No. 2012-1720—Submitted February 27, 2013—Decided March 5, 2013.)

APPEAL from the Court of Appeals for Franklin County, No. 12AP-207.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the complaint of appellant, Timothy Grinnell, for writs of mandamus and procedendo to compel appellee, Franklin County Court of Common Pleas Judge Guy L. Reece II, to resentence him by issuing a judgment of conviction and sentence that complies with Crim.R. 32(C).

{¶ 2} "Neither mandamus nor procedendo will lie to compel an act that has already been performed." *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, 958 N.E.2d 566, ¶ 1. Grinnell's sentencing entry constitutes a final, appealable order because it set forth his convictions, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. *State ex rel. Culgan v. Kimbler*, 132 Ohio St.3d 480, 2012-Ohio-3310, 974 N.E.2d 88, ¶ 1. Grinnell claims that the sentencing entry does not comply with Crim.R. 32(C), because it fails to specify whether he was convicted of specifications that he had been charged with. But there is no evidence that he was convicted of the specifications, and Crim.R. 32(C) requires a resolution of only those charges for which there were convictions. *See State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3.

**{¶ 3}** Moreover, Grinnell's discussion regarding the entry not being time-stamped is factually inaccurate. While the time-stamp on the copy of the entry attached to Grinnell's petition is hard to see, the darker copy appended to Judge Reece's brief clearly shows that the entry was stamped and certified by the clerk.

**{¶ 4}** Therefore, the court of appeals properly dismissed Grinnell's claims for extraordinary relief in mandamus and procedendo.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Timothy Grinnell, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and A. Paul Theis, Assistant Prosecuting Attorney, for appellee.

_____