[Cite as *State v. Green*, 2013-Ohio-893.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                    )        CASE NO.    12 MA 105
                                  )
    PLAINTIFF-APPELLEE,          )
                                  )
VS.                               )        O P I N I O N
                                  )
SHAWN GREEN,                      )
                                  )
    DEFENDANT-APPELLANT.         )


CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                   Court, Case No. 99CR420.

JUDGMENT:                          Affirmed in part; Reversed in part;
                                   Remanded.

APPEARANCES:
For Plaintiff-Appellee:            Attorney Paul Gains
                                   Prosecuting Attorney
                                   Attorney Ralph Rivera
                                   Assistant Prosecuting Attorney
                                   21 West Boardman Street, 6th Floor
                                   Youngstown, Ohio  44503

For Defendant-Appellant:           Shawn Green, *Pro se*
                                   #431-494
                                   Trumbull Correctional Institution
                                   P.O. Box 901
                                   Leavittsburg, Ohio  44430

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                   Dated: March 8, 2013

VUKOVICH, J.

{¶1} Defendant-appellant Shawn Green appeals the decision of the Mahoning County Common Pleas Court denying his motion to vacate and correct his sentence. Appellant argues for the first time on appeal that his conviction is void because the court did not journalize an entry granting the defense's motion for a mistrial and thus did not set forth the reasons for discharging the first jury empaneled in his case. Appellant also argues that the trial court lacked jurisdiction to proceed because the indictment was not properly filed. These arguments are factually incorrect, and appellant is barred by res judicata from raising the alleged error regarding the sufficiency of the court's reasons for discharging the jury.

{¶2} Appellant also contends that the sentencing entry does not properly set forth the manner of his conviction. This argument has some merit. However, as the state points out, it does not void appellant's conviction but rather allows only for remand for the filing of a nunc pro tunc entry wherein the trial court shall set forth that appellant was convicted by a jury. In accordance, the judgment of the trial court is affirmed in part and reversed and remanded in part.

STATEMENT OF THE CASE

{¶3} On May 27, 1999, appellant was indicted for murder with a firearm specification in the death of Daniel Wilkerson. A jury found him guilty as charged. In an August 21, 2002 entry, the court sentenced appellant to fifteen years to life in prison to be served after the mandatory three-year sentence on the firearm specification.

{¶4} Appellant filed a direct appeal. This court affirmed his conviction. *State v. Green*, 7th Dist. No. 02CA122, 2005-Ohio-4240 (on reopening); *State v. Green*, 7th Dist. No. 02CA122, 2004-Ohio-1540.

{¶5} On May 11, 2012, appellant filed a motion in the trial court alleging that his conviction was void. He asked for strict compliance with Crim.R. 32, pointing out that his conviction and sentence were set forth in two separate entries. He also argued the indictment had not been properly filed and thus the trial court lacked jurisdiction.

**{¶6}** On May 15, 2012, the trial court denied appellant's motion. Appellant filed a timely notice of appeal from that entry.

ASSIGNMENT OF ERROR NUMBER ONE

**{¶7}** Appellant's *pro se* brief sets forth two assignments of error, the first of which alleges:

**{¶8}** "The trial court stepped outside of its authority when it held a second trial, all while the first trial was never resolved, there was no journalization of mistrial, or reason for discharge of jury." (Citations omitted.)

**{¶9}** Appellant's case was originally called for trial in October of 2000. After the jury was empaneled, the state discovered the names of three additional witnesses. *State v. Green*, 7th Dist. No. 02CA122, 2004-Ohio-1540, ¶ 56. Defense counsel moved to exclude these witnesses, but the court ruled that the defense could have a continuance or a mistrial. *Id.* The defense asked for a mistrial, which the trial court granted. *Id.*

**{¶10}** Appellant believes that the trial court failed to journalize an entry granting the mistrial. He thus contends that the court erred in failing to set forth the reasons for the discharge as required by R.C. 2945.36.

**{¶11}** This statute provides that the trial court may discharge a jury without prejudice to the prosecution for various reasons listed therein. R.C. 2945.36(A)-(D). One of the listed reasons is: "By the consent of the prosecuting attorney and the defendant." R.C. 2945.036(D). The statute then states, "The reasons for such discharge shall be entered on the journal."

**{¶12}** Appellant did not raise this argument in the motion presented to the trial court. He also failed to raise this argument in his direct appeal from his conviction and in the reopened direct appeal from his conviction. Thus, the state urges that res judicata bars appellant from raising an issue here which could have been raised on direct appeal. *See State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967) (final judgment of conviction bars defendant from raising in any proceeding, except the direct appeal from that conviction, any defense or claimed lack of due process

that was raised or could have been raised by the defendant at trial or on an appeal from that judgment).

**{¶13}** Appellant responds by claiming that a failure to journalize a mistrial would result in the trial court lacking subject matter jurisdiction over his subsequent trial, causing his conviction to be void and allowing the issue to be raised at any time.

**{¶14}** As can be seen here and in his next assignment of error, it seems that appellant is confused as to what journalization entails. Contrary to appellant's initial claim, the trial court did journalize an entry granting appellant's motion for a mistrial. The court's entry was filed on October 27, 2000 and exists in the journal at volume 1456, page 305. The bottom of the time-stamped entry provides the corresponding location in the physical official journal of the court, which is kept in a collective location in the courthouse.

**{¶15}** As for the reason for discharging the jury, the trial court set forth one of the options expressly listed by R.C. 2945.36. The court's entry states that the defense filed a motion for mistrial which was granted and that the state did not object. As aforementioned, one of the reasons a court can discharge a jury is "[b]y consent of the prosecuting attorney and the defendant." R.C. 2945.36(D). As the defendant sought the discharge and the state did not object, this reason was satisfied, and the court's entry thus listed this reason.

**{¶16}** As for the sufficiency of the court's description of the reason, it is commonly stated that the failure to provide a reason for a mistrial in the entry as required by R.C. 2945.36 is not prejudicial where the reasons are expressed in the record. *See State v. Bell*, 12th Dist. No. CA99-07-122 (Apr. 30, 2001); *State v. Morgan*, 129 Ohio App.3d 838, 842, 719 N.E.2d 102 (8th Dist.1998); *State v. Gruetter*, 6th Dist. No. WD-84-38 (Nov. 9, 1984); *State v. Castleberry*, 10th Dist. No. 92AP-336 (May 25, 1993); *State v. Henson*, 12th Dist. No. 1172 (June 1, 1983), citing *Arizona v. Washington*, 434 U.S. 497, 517, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

**{¶17}** Here, the reasons were expressed in the record. And, this court noted those reasons in the direct appeal and in the reopened appeal while we were

evaluating appellant's double jeopardy and prosecutorial misconduct claims. *Green*, 7th Dist. No. 02CA122 ¶ 3-10 (on reopening); *Green*, 7th Dist. No. 02CA122 at ¶ 56 (the state discovered the names of three additional witnesses after the jury was empaneled).

**{¶18}** Moreover, if the alleged failure to provide a sufficient written reason can be non-prejudicial in such cases, then it follows that such failure is non-jurisdictional as well. *See Henson*, 12th Dist. No. 1172, citing *Arizona*, 434 U.S. at 517. *See also State v. Parks*, 7th Dist. No. 11CA873, 2012-Ohio-3011, ¶ 22 (explaining the misuse of the word "jurisdiction," when the error alleged would actually only have resulted in a voidable rather than a void sentence). In other words, if an error can be categorized as harmless, then it cannot be a jurisdictional error.

**{¶19}** Since the issue concerning whether there was adequate compliance with R.C. 2945.36 is not a jurisdictional matter, it cannot be raised for the first time in an appeal from a motion to vacate a sentence. *See, e.g., State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997); *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). As aforementioned, res judicata bars a post-conviction movant from raising non-jurisdictional issues that were or could have been raised in the direct appeal. *Perry*, 10 Ohio St.2d at 180. Not only did appellant fail to raise the issue in the direct appeal of his conviction, he also failed to raise the issue to the trial court in his post-conviction motion. Thus, the alleged error is barred from being raised at this late time.

**{¶20}** For all of these reasons, this assignment of error is overruled.

### ASSIGNMENT OF ERROR NUMBER TWO

**{¶21}** Appellant's second assignment of error provides:

**{¶22}** "Whether and in light of the holding in State v. Baker, 119 Ohio St.3d 197, and Crim.R. 32(C), the failure of the trial court to properly file, time-stamp, and journalize either the: INDICTMENT (including the JOURNAL ENTRY finding guilt and imposing sentence) the trial court ever possessed competent subject matter or personal jurisdiction over the defendant."

**{¶23}** First, appellant contends that the indictment was not properly filed and thus the trial court had no jurisdiction to proceed in this criminal case. This argument is frivolous.

**{¶24}** Contrary to appellant's contention, the indictment was properly filed. It physically exists as part of the file. It is time-stamped May 27, 1999. And, it is listed in the docket as having been filed. Contrary to the statement in the motion he filed below, an indictment need not, and in fact cannot, be journalized. Judgments of the court are journalized, not indictments. In other words, the statement in Crim.R. 32(C), "A judgment is effective only when entered on the journal by the clerk," has nothing to do with an indictment. *See* Crim.R. 32(C). Consequently, this argument is without merit.

**{¶25}** Appellant's next argument that his sentencing entry was never journalized is similarly without merit. The June 13, 2002 sentencing entry, which appellant attached to his motion, is evidenced in the docket, is in the case file, contains a time-stamp, and exists in the court's journal at volume 1580, pages 398-399. We note that the sentencing entry was amended on August 21, 2002 to add a missing word. This entry also exists in the journal at volume 1596, pages 182-183. Thus, all of appellant's journalization arguments are misguided.

**{¶26}** Appellant's remaining argument here deals with the fact that the trial court's sentencing entry states that he was convicted of murder but does not state the manner of that conviction, i.e. that he had been convicted of murder *by a jury*.

**{¶27}** Crim.R. 32(C) provides that a judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. In *Baker*, the Supreme Court explained that, in order to render a final judgment, a trial court must issue one entry which contains these elements. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 10. Thus, the rule was not satisfied where one entry declared the conviction and one entry declared the sentence. *Id.* at ¶ 1, 4-5, 19.

**{¶28}** In appellant's case, one entry stated that the jury returned a verdict of murder, and a separate entry announced his sentence after stating merely that he

had been convicted of murder. Appellant believes this error resulted in a void conviction (and a lack of a final order in his case). The state concedes the error but contests the remedy.

**{¶29}** Contrary to appellant's argument, the Supreme Court has clarified that where the sentencing entry states the fact of conviction, but fails to state how the conviction was obtained, the entry is still a final order. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 7, 11, 14, 20, modifying *Baker*, 119 Ohio St.3d 197. The *Lester* Court explained that the manner of conviction is merely a matter of form required by Crim.R. 32(C), rather than a substantive requirement. *Id.* at ¶ 11-12.

**{¶30}** The Court concluded that the proper remedy where the entry states the fact of conviction but not the manner of conviction is a nunc pro tunc entry revising the judgment to add the manner of conviction. *Id.* at ¶ 16. Notably, the deficiency does not create a nullity and thus is not a jurisdictional issue. *See State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 19.

**{¶31}** Accordingly, the judgment of the trial court denying appellant's motion is affirmed in part, reversed in part, and the case is remanded with instructions for the trial court to enter a nunc pro tunc sentencing entry adding the manner of conviction.

Donofrio, J., concurs.
Waite, J., concurs.