[Cite as *State v. Moore*, 2013-Ohio-4000.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    12 MA 197 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| LORICE MOORE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 02CR318.

JUDGMENT:                        Affirmed.

APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul Gains
                                 Prosecuting Attorney
                                 Attorney Ralph Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503

For Defendant-Appellant:         Lorice Moore, *Pro se*
                                 #433-460
                                 Trumbull Correctional Institution
                                 P.O. Box 901
                                 Leavittsburg, Ohio  44430

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  August 30, 2013

VUKOVICH, J.

{¶1} Defendant-appellant Lorice Moore appeals the decision of the Mahoning County Common Pleas Court which denied his motion to vacate a void sentence on a firearm specification and for a "determination of jurisdiction" on his complicity to murder conviction. Appellant alleges that the three year sentence on the firearm specification should be vacated because the verdict form insufficiently described the type of specification subject to a three year sentence. He also posits that his complicity to murder conviction should be vacated based upon his claim that there is no time-stamp on or journalization of the indictment or the verdict forms.

{¶2} Procedurally, he complains that the trial court signed the state's proposed judgment entry, adding explanations for the ruling a week after the court had already denied his motion. In a reply brief, he attempts to add a new assignment of error, claiming that his sentencing entry is not a final appealable order (and thus we have no jurisdiction) because it does not state that he was acquitted of another offense, which he believes violates Crim.R. 32(C).

{¶3} For the following reasons, all of these arguments are without merit. Thus, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

{¶4} On March 28, 2002, appellant was indicted on two alternative counts of murder for purposefully causing the death of Stephen Shackleford in violation of R.C. 2903.02(A). Firearm specifications under R.C. 2941.145(A) were attached to both counts. The case was tried to a jury, who was instructed on the offenses of murder and complicity to commit murder. The jury was provided verdict forms for murder, an accompanying firearm specification, involuntary manslaughter, an accompanying firearm specification, complicity to murder, and a corresponding firearm specification, complicity to involuntary manslaughter, and an accompanying firearm specification.

{¶5} On August 15, 2002, the jury found appellant guilty of complicity to commit murder in violation of R.C. 2923.03(A)(2) and 2903.02(A) and the accompanying firearm specification. In an August 26, 2002 entry, the trial court sentenced appellant to fifteen years to life in prison plus three years on the firearm

specification. His conviction was upheld on appeal. *State v. Moore*, 7th Dist. No. 02CA152, 2004-Ohio-2320.

{¶6} In 2011, appellant filed a motion which pointed out that the sentencing entry failed to comply with Crim.R. 32(C) as the judgment stated the fact of conviction but not the manner of conviction. On December 1, 2011, the trial court agreed and issued a nunc pro tunc sentencing order, adding that appellant was convicted by a panel of twelve jurors.[1]

{¶7} On September 26, 2012, appellant filed a motion to vacate a void sentence and for a determination of jurisdiction, presenting the arguments set forth in his first and second assignments of error on appeal: the verdict for the firearm specification was insufficient to sentence him to three years and the indictment and verdict forms were not time-stamped or journalized.

{¶8} On October 2, 2012, the trial court overruled his motion in a brief judgment entry before the state had a chance to respond. The state then submitted its response along with a prepared judgment entry, characterizing the motion as an untimely post-conviction relief petition and alternatively stating that the arguments were barred by res judicata. On October 12, 2012, the trial court filed another judgment entry (the state's proposed entry) denying the motion again and providing reasons for doing so. Appellant filed a timely notice of appeal.

<u>ASSIGNMENT OF ERROR NUMBER ONE</u>

{¶9} Appellant's first assignment of error provides:

{¶10} "THE TRIAL COURT COMMITTED ABUSE OF DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT WHEN IT SENTENCED HIM TO A 3 YEAR MANDATORY PRISON SENTENCE FOR A VIOLATION OF R.C. 2941.141, WHICH RENDERS THE JUDGMENT AND SENTENCE VOID."

{¶11} There are various types of firearm specifications. A one year term of incarceration applies if the "offender had a firearm on or about the offender's person or under the offender's control while committing the offense." R.C. 2941.141(A). The

---

[1]Appellant filed a motion to vacate that judgment on January 26, 2012, which the trial court overruled. His appeal of that decision was dismissed. *State v. Moore*, 7th Dist. No. 12MA34 (Aug. 1, 2012 J.E.).

three year sentence imposed here is contained in a different statute, which applies if the offender both "had a firearm on or about the offender's person or under the offender's control while committing the offense" *and* "displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." R.C. 2941.145(A).

{¶12} Imposition of this sentence is precluded unless the indictment specifies both of these items. *Id.* Appellant was indicted for a firearm specification under R.C. 2941.145(A), and the language in the indictment mirrored that required by the statute.

{¶13} The jury verdict form stated that the jury found that appellant "did have a firearm on or about his person or under this control while committing the offense, in violation of the Ohio Revised Code 2941.145(A)." Because the verdict form contained only the first part of language constituting a three year firearm specification, appellant contends that he could only be sentenced to a one year term under R.C. 2941.141. And, in order to bypass the state's arguments of untimely post-conviction petition and res judicata, appellant argues that this alleged error with the verdict form would make his sentence void, invoking the void sentence exception to these prohibitory doctrines.

{¶14} A void sentence can be attacked at any time, and thus issues surrounding it are not barred by the doctrine of res judicata or the timelines for filing post-conviction relief petitions. *See State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, ¶ 30. Thus, for instance, a motion to correct a void sentence can be filed where a sentencing court disregarded a statute regarding the post release control portion of a sentence. *Id.* at ¶ 26-28 (though only that portion of the sentenced is voided).

{¶15} A motion to correct a void sentence is used to correct a facially invalid sentence. *Fischer*, 128 Ohio St.3d 93 at ¶ 25. It presupposes a valid conviction and thus may not be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence. *Id.* A motion to correct a void sentence "does not permit reexamination of all perceived errors at trial or in other proceedings prior to sentencing." *Id.* Its use is limited to a narrow vein of cases. *Id.* at ¶ 31. "[A]lthough

the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* at ¶ 40.

**{¶16}** We have recently disposed of various cases where the defendant has tried to extend the Supreme Court's post-release control case law on void sentences to other scenarios. In one case, we held that whether consecutive firearm specifications violated a statutory provision involved a factual question as it required reference to pre-sentencing testimony and did not deal with a facially invalid sentence. *State v. McCall*, 7th Dist. No. 12MA57, 2012-Ohio-5604, ¶ 1-2, 21-22 (emphasizing that a motion to vacate a void sentence is essentially reserved for cases where there is a facially illegal sentence). We have similarly refused to extend the void sentence doctrine to allegations that charges were allied offenses of similar import that should have merged at sentencing. *State v. Simmons*, 7th Dist. No. 06JE4, ¶ 14-15 (January 8, 2013 J.E.) (reconsideration denied) (such a claim could only make a sentence voidable, not void).

**{¶17}** We have also held that a violation of the defendant's speedy trial rights would not result in a void conviction and sentence. *State v. Weaver*, 7th Dist. No. 12BE21, 2013-Ohio-430, ¶ 1. Finally, we have ruled that even if the trial court violated a statute mandating that reasons for a jury discharge be entered on the journal, this would not be a jurisdictional issue as even if such failure would render a decision voidable, it would not render it void. *State v. Green*, 7th Dist. No. 12MA105, 2013-Ohio-893, ¶ 1, 18-19. The Supreme Court has extended the void sentence exception to only a limited number of circumstances, and this court has expressed that it is disinclined to establish new precedent in other areas. *See* cases reviewed above.

**{¶18}** Furthermore, multiple appellate districts have ruled that even a specific statutory verdict form issue will not void a sentence. *State v. Henson*, 6th Dist. No. E-11-068, 2012-Ohio-3730, ¶ 16-18; *State v. Love*, 11th Dist. No. 2011-L-159, 2012-Ohio-3029, ¶ 17-21; *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 7; *State v. Grooms*, 9th Dist. No. 25819, 2011-Ohio-6062, ¶ 11; *State v. Hines*, 193 Ohio App.3d 660, 2011-Ohio-3125, 953 N.E.2d 387, ¶ 16 (3d Dist.). *See also State*

*v. Foy*, 5th Dist. No. 2009-CA-239, 2010-Ohio-2445, ¶ 7-10 (disagreeing with defendant's argument that his sentence was void due to deficient verdict form and holding that res judicata prohibits defendant from raising deficient verdict form in a motion for resentencing).

{¶19} That is, R.C. 2945.75(A)(2) provides that when one or more additional elements elevates an offense to a more serious degree, the guilty verdict shall state the degree of offense or the additional elements; otherwise, the guilty verdict constitutes only a finding of guilt of the least degree of the offense. R.C 2945.75(A)(2). This statute does not assist appellant as it deals with offenses and their degrees, not different types of firearm specifications and their potential penalties, and because firearm specifications are not different degrees of the same act but are distinct specifications in separate statutes. *See* R.C. 2941.141; 2941.145. *See also Portsmouth v. Wrage*, 4th Dist. No. 08CA3237, 2009-Ohio-3390, ¶ 44-47 (statute does not apply to different offenses in different statutes but deals with elevation of one offense to a different degree of the same offense; thus, verdict stating that defendant was guilty of offense charged in the complaint is sufficient where aggravated menacing charged in the complaint has no lesser degrees since plain menacing is a different crime).

{¶20} Still, the aforementioned case law applying this statute is instructive to the issue here because if a violation of this statute does not make a sentence void, then neither would the deficiency alleged by appellant here. We thus conclude that the verdict form issue here would not result in a void sentence.

{¶21} In fact, the claim appellant makes would not even constitute reversible error, let alone error resulting in a void sentence. That is, it has been concluded that a verdict form referring to the specific statutory provision making the offense a certain degree sufficiently satisfies the statute. *State v. Hughley*, 8th Dist. No. 90323, 2009-Ohio-3274, ¶ 15-16 (verdict forms citing to statute sufficiently allege degree of offense). *See also State v. Stone*, 11th Dist. No. 98-A--0102 (Dec. 10, 1999) (upholding a .145 firearm specification even though the verdict form did not have the additional language or cite the proper code section, noting that the defendant was charged under .145 and the jury was instructed under .145). And, the Supreme

Court has recently reviewed a verdict form issue. *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891.

{¶22} In the *Eafford* case, the defendant was indicted for felony possession of cocaine, the evidence at trial dealt only with cocaine, and the jury instructions referred only to the drug of cocaine. The verdict form stated only that the defendant was guilty of possession of drugs "as charged in Count Two of the indictment" and cited a statutory subdivision that generally referred to drugs without specifying the type of drugs. As there was no objection below, the issue was reviewed for plain error on direct appeal. The Eighth District vacated the felony conviction for possession of drugs and held that because the verdict form failed to specify the degree of the offense or mention the drug cocaine, the defendant could be convicted of only a misdemeanor. *Id.* at ¶ 7.

{¶23} The Supreme Court reversed that appellate decision and upheld the conviction for felony possession of cocaine. *Id.* at ¶ 19. The Court concluded that the use of this verdict form did not constitute plain error. *Id.* at ¶ 18-19 (defendant could not show that but for this verdict form, the result would have been different).

{¶24} Here, the citation in appellant's verdict form to R.C. 2941.145(A) saves the verdict form from a claim that it is deficient. This statute cited in the verdict form contains the three year firearm specification (and does not contain any other type of specification). Appellant was charged with this specification in the indictment, and the evidence at trial supported this specification. Moreover, (contrary to another claim set forth in appellant's brief) the trial court instructed the jury on all elements of the three year firearm specification. *See* Tr. (632). Thus, under the *Eafford* analysis, there would be no plain error, let alone a void sentence.

{¶25} Regardless, as explained above, we need not make this merit determination because there is no jurisdictional issue and the matter does not otherwise fall under the void sentence exception as narrowly extended by the Supreme Court. We conclude that, in a case where the indictment fully charges the specification and the jury was fully instructed on the specification, a verdict form that states the defendant had a firearm on or about his person or under his control while committing the offense and cites the proper statutory section for a three year firearm

specification but fails to state every other element of the specification does not constitute a facially invalid sentence involving a court acting outside of its statutorily-mandated sentencing bounds.

{¶26} Upon this holding, appellant does not dispute the remainder of the law applied by the state here. That is, the motion, filed ten years after trial, would constitute an untimely post-conviction relief petition. *See* R.C. 2953.21(A)(2) (except as per R.C. 2953.23, a petition shall be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal). As the motion fails to provide any reasons for the delay or satisfy any of the grounds for filing an untimely petition, the trial court was without jurisdiction to proceed on it. *See* R.C. 2953.23(A)(1) (petitioner must show that he was unavoidably prevented from discovering facts or that the United States Supreme Court recognized a new retroactive right and show by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found him guilty).

{¶27} And, as the state alternatively points out, this verdict form issue could have been raised on direct appeal to this court but was not. *See State v. Moore*, 7th Dist. No. 02CA152, 2004-Ohio-2320. As a result, appellant's motion raising the issue of verdict forms is barred by the doctrine of res judicata. *See Foy*, 5th Dist. No. 2009-CA-239 at ¶ 7-10 (disagreeing with defendant's argument that his sentence was void due to deficient verdict form and holding that res judicata prohibits defendant from raising deficient verdict form in a motion for resentencing). *See generally State v. Reynolds,* 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997); *State v. Perry*, 10 Ohio St.2d 175, 180-181, 226 N.E.2d 104 (1967); *State v. West*, 7th Dist. No. 07JE26, 2009-Ohio-3347, ¶ 24 (issues that could have been raised in direct appeal are barred by res judicata from being raised in a post-conviction relief petition). Accordingly, this assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NUMBER TWO</u>

{¶28} Appellant's second assignment of error alleges:

{¶29} "THE TRIAL COURT WAS WITHOUT SUBJECT MATTER JURISDICTION OVER APPELLANT BECAUSE THE INDICTMENT AND

SUBSEQUENT PLEADINGS, INCLUDING THE SENTENCING ENTRIES, WERE NOT PROPERLY FILED."

{¶30} Under this assignment of error, appellant attempts to avoid the state's res judicata and untimely post-conviction relief arguments by labeling his complaints about certain filings as jurisdictional issues. These arguments are all frivolous and seem to be the result of some new misunderstanding of legal terminology circulating among *pro se* inmates.

{¶31} For instance, he contends that the indictment lacks a time-stamp, was not journalized, violates Crim.R. 32(C), and rendered the trial court without jurisdiction in his case. However, the indictment was in fact time-stamped by the clerk of courts on March 28, 2002. The indictment physically exists in the file, and its time-stamp is clear and proper. It is also listed in the docket as having been filed on March 28, 2002. Even the copy appellant submitted with his brief is clearly time-stamped.

{¶32} In addition, it is judgments, not indictments, which are subject to Crim.R 32(C)'s journalization requirement. *See* Crim.R. 32(C) ("A judgment is effective only when entered on the journal by clerk."). We recently disposed of these same arguments in another *pro se* appeal from the denial of a motion to vacate a sentence. *State v. Green*, 7th Dist. No. 12MA105, 2013-Ohio-893, ¶ 22-24.

{¶33} We also point out here that the filing of the charging document with the clerk invokes the court's jurisdiction, and a clerk's subsequent failure to file-stamp the charging instrument is not a jurisdictional issue. *City of Zanesville v. Rouse*, 126 Ohio St.3d 1, 929 N.E.2d 1044, 2010-Ohio-2218, ¶ 7-8, remedy changed on reconsideration in 126 Ohio St.3d 1227, 933 N.E.2d 260, 2010-Ohio-3754 (from reinstating trial verdict to remanding to appellate court to address issues it previously found moot).

{¶34} And, in case appellant's argument regarding the lack of a time-stamp is a complaint that the actual time of day was not included in the stamp, we also use the *Rouse* case to dispel any such notion. In that case, the Supreme Court used time-stamp, date-stamp, and file-stamp interchangeably. *Id.* at ¶ 6-7, 9, citing R.C.1901.31, R.C. 2303.08, R.C. 2303.10, and Sup.R. 26.05(B)(2). The Supreme

Court has likewise concluded that the date of filing is the only time event required to be contained in the stamp), *State ex rel. Untied v. Ellwood*, 131 Ohio St.3d 37, 2011-Ohio-6343, 959 N.E.2d 1048, ¶ 3, citing Sup.R. 44(E) (defining "file" as "to deposit a document with a clerk of court, upon the occurrence of which the clerk *time or date* stamps and dockets the document" {Emphasis added}). *See also* Crim.R. 6(F) (clerk shall endorse "date of filing" on indictment).

**{¶35}** Appellant also claims that the jury's guilty verdicts lack a time-stamp. However, the verdicts were in fact time-stamped and docketed on August 15, 2002. We also note that they were journalized at volume 1595, pages 130-131.

**{¶36}** Finally, he makes no specific argument here but does mention, in his opening paragraph under this assignment, that the sentencing entries were likewise not properly filed. However, the original sentencing entry and the nunc pro tunc entry filed to add the means of conviction were both file-stamped, docketed, and entered in the court's journal. *See Green*, 7th Dist. No. 12MA105 at ¶ 25. In accordance, this assignment of error is wholly without merit.

ASSIGNMENT OF ERROR NUMBER THREE

**{¶37}** Appellant's third assignment of error contends:

**{¶38}** "THE TRIAL COURT COMMITTED ABUSE OF DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ALLOWED THE STATE TO ISSUE A NEW JUDGMENT ENTRY BY MEANS OTHER THAN CRIM.R. 36."

**{¶39}** As aforementioned, on October 2, 2012, the trial court denied appellant's motion to vacate his sentence in a brief entry without providing the state with time to respond. Thus, when the state thereafter filed its response with an attached proposed entry containing a rationale for rejecting appellant's claims, the trial court signed the proposed entry to provide further support for its decision. Appellant claims that the issuance of this October 12, 2012 judgment was prejudicial error.

**{¶40}** This argument is without merit. With regards to the complaint that the trial court "allowed the state to issue a new judgment entry," we point out that *the state* did not issue a judgment entry. It was the court that issued a judgment entry.

And, there is nothing per se improper about a court utilizing the state's proposed judgment entry. *State v. Ahmed*, 7th Dist. No. 05BE15, 2006-Ohio-7069, ¶ 72-73.

**{¶41}** As to the second part of his argument, dealing with the issuance of a judgment after a final judgment was already entered, even if there were a procedural issue, it would be harmless, not to mention without meaningful remedy. And, as this appeal involves legal issues, we have resolved this appeal without resort to the trial court's explanations in the later entry. As the suggested error could not be prejudicial, this assignment of error is overruled.

<u>ASSIGNMENT IMPROPERLY SET FORTH IN REPLY BRIEF</u>

**{¶42}** Appellant's reply brief purports to sets forth the following additional assignment:

**{¶43}** "THE TRIAL COURT COMMITTED ABUSE OF DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ISSUED A JUDGMENT ENTRY (August 26, 2002) THAT IS NOT IN COMPLIANCE WITH STATE V. BAKER OR CRIM.R. 32(C) BECAUSE IT DOES NOT STATE THAT THE JURY 'ACQUITTED' MOORE OF THE COUNT ONE MURDER 2903.02(A)(D) CHARGE, WHICH IS NOT A FINAL APPEALABLE ORDER."

**{¶44}** Initially, we note that a reply brief is not the place for raising new assignments of error. *State v. Clark*, 38 Ohio St.3d 252, 258, 527 N.E.2d 844 (1988). *See also State ex rel. Am. Subcontractors Assn., Inc. v. Ohio State Univ.*, 129 Ohio St.3d 111, 2011-Ohio-2881, 950 N.E.2d 535, ¶ 40 (new argument in reply brief is forbidden). In any event, appellant's contention here is substantively without merit.

**{¶45}** Appellant was indicted and tried on alternative counts of murder and complicity to murder. The jury found him guilty of complicity to murder and signed only that verdict form (and the accompanying specification). Appellant contends here that the court violated Crim.R. 32(C) by issuing a sentencing entry which failed to state that he was acquitted of one of the offenses. He thus concludes that there was no final order and even contends that we have no jurisdiction over his own appeal to this court due to this issue.

**{¶46}** However, the Supreme Court has already pronounced that where the defendant has been convicted of a crime, Crim.R. 32(C) does not require the

sentencing entry to state what offenses the jury failed to convict. *State ex rel. Grinnell v. Reece*, 135 Ohio St.3d 255, 2013-Ohio-733, 986 N.E.2d 1269, ¶ 2. Rather, "Crim.R. 32(C) requires a resolution of only those charges for which there were convictions." *Id.*

**{¶47}** "It does not require a reiteration of those counts and specifications for which there were no convictions, but resolved in other ways, such as dismissals, nolled counts, or not guilty findings." *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3, citing *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 200-Ohio-4728, 936 N.E.2d 41, ¶ 2. Thus, contrary to appellant's argument, "the sentencing entry did not need to include the dispositions of the counts that [he] was originally charged with but that were not the basis for his convictions and sentence." *Id.* In accordance, this purported assignment of error lacks merit.

**{¶48}** For all of these reasons, the judgment of the trial court is hereby affirmed.


Waite, J., concurs.
DeGenaro, P.J., concurs.