[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Grinnell v. Bowen,* Slip Opinion No. 2019-Ohio-1311.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1311

GRINNELL, APPELLANT, *v.* BOWEN, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Grinnell v. Bowen,* Slip Opinion No. 2019-Ohio-1311.]

*Habeas corpus—Petition fails to state a claim cognizable in habeas—Court of appeals' dismissal affirmed.*

(No. 2018-1038—Submitted January 29, 2019—Decided April 10, 2019.)

APPEAL from the Court of Appeals for Mahoning County, No. 18 MA 0007, 2018-Ohio-2791.

_____

**Per Curiam.**

{¶ 1} Appellant, Timothy Grinnell, appeals the judgment of the Seventh District Court of Appeals dismissing his petition for a writ of habeas corpus. We affirm.

{¶ 2} Grinnell was convicted of two counts of aggravated murder and sentenced to prison for 20 years to life on each charge. *See State v. Grinnell*, 112 Ohio App.3d 124, 678 N.E.2d 231 (10th Dist.1996). On January 29, 2018, he filed

a petition for a writ of habeas corpus against appellee, Richard A. Bowen Jr., warden of the Ohio State Penitentiary, alleging that the trial court never journalized an entry of conviction in his case, as required by Crim.R. 32.

{¶ 3} The court of appeals granted Bowen's motion to dismiss. Grinnell appealed.

{¶ 4} A trial court's failure to comply with Crim.R. 32 does not call into question the court's jurisdiction, nor does it entitle an inmate to immediate release from confinement. *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, ¶ 10. Grinnell's allegations, even if true, do not state a claim cognizable in habeas corpus. *Durain v. Sheldon*, 122 Ohio St.3d 582, 2009-Ohio-4082, 913 N.E.2d 442, ¶ 1.

{¶ 5} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion joined by DEWINE, J.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 6} I concur in the majority's judgment affirming the Seventh District Court of Appeals' dismissal of appellant Timothy Grinnell's petition for a writ of habeas corpus. I write separately, however, because a dismissal for the failure to state a claim upon which relief can be granted is a decision on the merits, *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170, ¶ 15, but here, there is no need to dismiss Grinnell's petition on the merits. A party may not seek a writ of habeas corpus to obtain successive appellate reviews of the same issue. *Wells v. Hudson*, 113 Ohio St.3d

308, 2007-Ohio-1955, 865 N.E.2d 46, ¶ 7. Because Grinnell's petition raises a claim that we have previously rejected, it should be dismissed for that reason.

{¶ 7} Grinnell is serving a sentence of 20 years to life in prison for his participation in the murder of two fellow inmates during the 1993 Lucasville prison riot. *See State v. Grinnell*, 112 Ohio App.3d 124, 678 N.E.2d 231 (10th Dist.1996).

{¶ 8} In 2018, Grinnell petitioned for a writ of habeas corpus, alleging that the trial court never journalized the judgment of conviction in his case.

{¶ 9} However, we rejected this same claim in a direct appeal in 2013: "Grinnell's sentencing entry constitutes a final, appealable order because it set forth his convictions, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk." *State ex rel. Grinnell v. Reece*, 135 Ohio St.3d 255, 2013-Ohio-733, 985 N.E.2d 1269, ¶ 2. We further explained that Grinnell's assertion that the entry was not journalized "is factually inaccurate. While the time-stamp on the copy of the entry attached to Grinnell's petition is hard to see, the darker copy appended to Judge Reece's brief clearly shows that the entry was stamped and certified by the clerk." *Id*. at ¶ 3.

{¶ 10} "We have routinely held that extraordinary writs may not be used as a substitute for an otherwise barred second appeal or to gain successive appellate reviews of the same issue." *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 249, 594 N.E.2d 616 (1992). This remains true even if a prior appeal was wrongly decided. *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 11. The failure to apply this caselaw risks endless relitigation of the sufficiency of sentencing entries, undermining the finality of all criminal judgments. *Id.* at ¶ 13.

{¶ 11} For these reasons, I concur in the court's judgment affirming the dismissal of Grinnell's petition for a writ of habeas corpus.

DEWINE, J., concurs in the foregoing opinion.

_____

Timothy Grinnell, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

_____